IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>PHARMASTEM THERAPEUTICS,<br>INC., PATENT LITIGATION | Civil Action No. 05-md-01660-GMS |

**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP'S**
**OPENING BRIEF IN SUPPORT OF ITS MOTION TO WITHDRAW**

Samuel B. Shepherd (CA Bar No. 163564)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
*Attorneys for Stembanc, Inc. & Archibald A. Grabinski*

Dated:   March 24, 2005

## **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDING .............................. 1

SUMMARY OF THE ARGUMENT ...................................... 1

STATEMENT OF FACTS ............................................ 1

ARGUMENT .................................................... 4

I.    AN ATTORNEY MAY WITHDRAW IF THE CLIENT BREACHES ITS
OBLIGATION TO PAY ......................................... 4

II.    NO PREJUDICE WILL RESULT FROM QUINN EMANUEL'S
WITHDRAWAL ............................................. 5

CONCLUSION ................................................. 5

# TABLE OF CITATIONS

**Page**

## CASES

Mandell v. Superior Court
    67 Cal. App. 3d 1 (1977) .................................... 4

People v. Prince
    268 Cal. App. 2d 398 (1968) ................................. 4

Transportes Aereos de Angola v. Ronair, Inc.
    104 F.R.D. 482 (D. Del. 1985) ............................... 4

Tycom Corp. v. Redactron Corp.
    421 F.Supp. 460 (D. Del. 1976) .............................. 4

## STATUTES

Rule 1.16(5) of the Delaware Lawyers' Rules of Professional Conduct .............. 4

Rule 3-700(c) of the California Rules of Professional Conduct ................... 4

## NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement litigation involving various patents held by PharmaStem Therapeutics, Inc. The litigation is currently in the discovery phase, and, pursuant to a transfer order by the Judicial Panel of Multidistrict Litigation, all related cases have been consolidated in this Court for pre-trial purposes.

## SUMMARY OF THE ARGUMENT

1. An attorney may withdraw from a case where the client breaches an obligation to the attorney regarding expenses or fees. Here, Stembanc, Inc. ("Stembanc") and its President and CEO, Archibald A. Grabinski ("Mr. Grabinski") have breached their obligation to Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"). Stembanc and Mr. Grabinski have ignored Quinn Emanuel's repeated demands for payment of an outstanding bill that now totals $335,448.23. In fact, Mr. Grabinski explicitly stated that he and Stembanc were unwilling and unable to pay Quinn Emanuel any of the past due balance. Accordingly, Quinn Emanuel is entitled to be relieved as counsel for Stembanc and Mr. Grabinski.

2. Given that this litigation is still at the preliminary discovery stage and that Stembanc and Mr. Grabinski have sufficient time to retain new counsel, no prejudice will result from Quinn Emanuel's withdrawal.

## STATEMENT OF FACTS

The counterclaims against Stembanc and Mr. Grabinski, stem from statements that they made in advertisements relating to the counterclaimant, Cord Blood Registry, Inc. In September 2004, Stembanc and Mr. Grabinski retained Quinn Emanuel as their

counsel in this matter. [Declaration of Samuel B. Shepherd ("Shepherd Decl.") ¶2.] In faithfully performing its obligations under the retainer agreement, Quinn Emanuel filed a motion to dismiss on behalf of Stembanc, a motion to dismiss on behalf of Mr. Grabinski, and various other memorandums. [*Id.* at ¶3.] However, both Stembanc and Mr. Grabinski have failed to pay Quinn Emanuel for all of the services rendered since September 2004 despite its numerous efforts to obtain payment. [Declaration of Kimberly L. Busch ("Busch Decl.") ¶4 & Ex. 2.] In fact, Mr. Grabinski definitively indicated that he and Stembanc were unwilling and unable to pay Quinn Emanuel any of the past due balance, which now totals $335,448.23. [Busch Decl. ¶2 & Ex. 1; Shepherd Decl. ¶4.]

During the first week of February, Samuel B. Shepherd ("Mr. Shepherd") of Quinn Emanuel called Mr. Grabinski and left him a message regarding his failure, along with Stembanc, to pay for legal services rendered. [Shepherd Decl. ¶4.] In addition, Mr. Shepherd followed up the message with an email to Mr. Grabinski reiterating the firm's concerns. [*Id.*] Mr. Shepherd received no response to these inquiries. [*Id.*] On February 8, 2005, after making multiple attempts to contact Mr. Grabinski, Mr. Shepherd learned that Mr. Grabinski's wife was recently diagnosed with cancer. [*Id.*]

Approximately one week later, Stembanc's chief financial officer, Edward Cup, stated that Mr. Grabinski wished to discuss the possibility of a payment plan or acceptable substitutes for payment. [Busch Decl. ¶3.] In response, Quinn Emanuel's Collections Administrator, Kimberly L. Busch ("Ms. Busch") warned Mr. Cup that Quinn Emanuel cannot continue representing clients where it has not been paid at all. [*Id.*]

Furthermore, Ms. Busch informed Mr. Cup that Mr. Grabinski should contact Quinn Emanuel immediately to resolve this issue or else Quinn Emanuel would be forced to withdraw as counsel for Stembanc and Mr. Grabinski. [*Id.*]

Shortly thereafter, Mr. Shepherd wrote Mr. Grabinski advising him that the outstanding bills must be paid or else Quinn Emanuel would be forced to withdraw. [Shepherd Decl. ¶4.] In response, Mr. Grabinski explicitly stated that he and Stembanc were unwilling and unable to pay Quinn Emanuel any of the past due balance. [*Id.*] Instead, Mr. Grabinski proposed that the payment be in the form of Stembanc stock. [*Id.*] Mr. Shepherd informed Mr. Grabinski that stock as a substitute for payment would not be acceptable and that he and Stembanc would have until February 24, 2005 to agree to begin paying the past due balance. [*Id.*] Quinn Emanuel has received no response to date. [*Id.*]

Despite Quinn Emanuel's repeated demands for payment and Mr. Cup's assurance that a portion of the past due balance would be paid, nothing has been received to date. [Busch Decl. ¶4.] Therefore, because Stembanc and Mr. Grabinski breached their contractual obligation to pay Quinn Emanuel for the legal services rendered on their behalf, Quinn Emanuel respectfully requests that this Court relieve it as plaintiffs' counsel. Given that this litigation is still at the preliminary discovery stage with no trial date pending and no pretrial conference currently scheduled, Stembanc and Mr. Grabinski will not be prejudiced by Quinn Emanuel's withdrawal and will have ample time to retain new counsel. [Shepherd Decl. ¶5.]

**ARGUMENT**

I. AN ATTORNEY MAY WITHDRAW IF THE CLIENT BREACHES ITS OBLIGATION TO PAY

Rule 3-700(c) of the California Rules of Professional Conduct provides that withdrawal is permissible if a client breaches an obligation to pay expenses or fees.[1] See also Mandell v. Superior Court, 67 Cal. App. 3d 1, 4 (1977) (trial court abused its discretion in denying motion to withdraw when client indicated that he would not pay further fees to attorney); People v. Prince, 268 Cal. App. 2d 398, 406-07 (1968) (trial court did not abuse its discretion in granting attorney's motion to withdraw as counsel when the client was unable to pay for the legal services).[2]

Here, Stembanc and Mr. Grabinksi entered into a binding agreement that obligates them to pay Quinn Emanuel a retainer in addition to accrued fees and costs. [Shepherd Decl. ¶2.] However, Quinn Emanuel has received nothing from neither Stembanc nor Mr. Grabinski, and the total amount of the outstanding bill is now $335,448.23. [Busch

---

[1] California law applies because the substantive law of the transferor forum controls after coordination or consolidation for pretrial proceedings. See In re Plumbing Fixtures Litig., 342 F.Supp. 756, 758 (J.P.M.L. 1972).

[2] *Cf.* Rule 1.16(5) of the Delaware Lawyers' Rules of Professional Conduct (permitting termination of representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"); Transportes Aereos de Angola v. Ronair, Inc., 104 F.R.D. 482, 488-89 (D. Del. 1985) (granting the motion to withdraw of the plaintiff's counsel because the plaintiff "disregarded an agreement or obligation to movant as to expenses and fees" totaling $1,450); Tycom Corp. v. Redactron Corp., 421 F.Supp. 460, 462 (D. Del. 1976) (allowing the withdrawal of the plaintiffs' counsel because the plaintiffs failed to pay $40,960 for legal services and disbursements).

Decl. ¶4 & Ex. 1.] Because Stembanc and Mr. Grabinski have failed to meet their obligation to pay, Quinn Emanuel is entitled to be relieved as their counsel.

II.  <u>NO PREJUDICE WILL RESULT FROM QUINN EMANUEL'S WITHDRAWAL</u>

Stembanc and Mr. Grabinski will suffer no prejudice as a result of Quinn Emanuel's withdrawal. The litigation is still at the preliminary discovery stage with no trial date pending and no pretrial conference currently scheduled. [Shepherd Decl. ¶5.] Given that this litigation is in its early stages and that Stembanc and Mr. Grabinski have sufficient time to retain new counsel, they will not suffer prejudice by Quinn Emanuel's withdrawal.

## CONCLUSION

For the foregoing reasons, Quinn Emanuel Urquhart Oliver & Hedges, LLP requests permission from the Court to withdraw as counsel for Stembanc and Mr. Grabinski.

        Respectfully Submitted,
        QUINN EMANUEL URQUHART
        OLIVER & HEDGES, LLP

        By: _/s/ Samuel Shepherd /AO_
        Samuel B. Shepherd (CA Bar No. 163564)
        555 Twin Dolphin Drive, Suite 560
        Redwood Shores, California 94065
        Telephone: (650) 801-5000
        Facsimile:  (650) 801-5100
        *Attorneys for Stembanc, Inc. & Archibald A. Grabinski*

Dated:  March 24, 2005