IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>PHARMASTEM THERAPEUTICS,<br>INC., PATENT LITIGATION | Civil Action No. 05-md-01660-GMS |

**DECLARATION OF SAMUEL B. SHEPHERD IN SUPPORT OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP'S
MOTION TO WITHDRAW**

Samuel B. Shepherd (CA Bar No. 163564)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
*Attorneys for Stembanc, Inc. & Archibald A. Grabinski*

Dated:   March 24, 2005

I, Samuel B. Shepherd, declare:

1. I am a member of the Bar of California and am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"), counsel for counterdefendants Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Mr. Grabinski"). I make this declaration in support of Quinn Emanuel Urquhart Oliver & Hedges, LLP's Motion to Withdraw. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, could and would competently testify thereto.

2. In September 2004, Quinn Emanuel was retained to represent Stembanc and Mr. Grabinski in connection with statements that they made in advertisements relating to the counterclaimant, Cord Blood Registry, Inc.

3. In faithfully performing its obligations under the retainer agreement, Quinn Emanuel filed a motion to dismiss on behalf of Stembanc, a motion to dismiss on behalf of Mr. Grabinski, and various other memorandums.

4. During the first week of February, I called Mr. Grabinski and left him a message regarding his failure, along with Stembanc, to pay for legal services rendered. In addition, I followed up the message with an email to Mr. Grabinski reiterating our concerns. I received no response to these inquiries. On February 8, 2005, after making multiple attempts to contact Mr. Grabinski, I learned that his wife was recently diagnosed with cancer. Shortly thereafter, I wrote Mr. Grabinski advising him that the outstanding bills must be paid or else Quinn Emanuel would be forced to withdraw. In response, Mr. Grabinski explicitly stated that he and Stembanc were unwilling and unable to pay Quinn Emanuel any of the past due balance. Instead, Mr. Grabinski proposed that the payment be in the form of Stembanc stock. I informed Mr. Grabinski that

stock as a substitute for payment would not be acceptable and that he and Stembanc would have until February 24, 2005 to agree to begin paying the past due balance. Quinn Emanuel has received no response to date.

5. Given that this case is still at the preliminary discovery stage with no trial date pending and no pretrial conference currently scheduled, Stembanc and Mr. Grabinski will not be prejudiced by Quinn Emanuel's withdrawal and will have ample time to retain new counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of March 2005, at Chandler, Arizona.

_____
Samuel B. Shepherd