IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>PHARMASTEM THERAPEUTICS,<br>INC., PATENT LITIGATION | Civil Action No. 05-md-01660-GMS |

## DECLARATION OF KIMBERLY L. BUSCH IN SUPPORT OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP'S MOTION TO WITHDRAW

Samuel B. Shepherd (CA Bar No. 163564)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
*Attorneys for Stembanc, Inc. & Archibald A. Grabinski*

Dated: March 24, 2005

I, Kimberly L. Busch, declare:

1. I am the Collections Administrator of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") and have been so employed in this capacity for five years. My responsibilities include monitoring Quinn Emanuel's past due accounts and contacting clients to arrange payment of the past due unpaid balances. I make this declaration in support of Quinn Emanuel Urquhart Oliver & Hedges, LLP's Motion to Withdraw. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, could and would competently testify thereto.

2. On January 25, 2005, I spoke to Archibald A. Grabinski's ("Mr. Grabinski") administrative assistant and advised her that I wanted to speak with Mr. Grabinsky to arrange for payment of $335,448.23, the total amount of Quinn Emanuel's outstanding bills for services rendered on behalf of Stembanc, Inc. ("Stembanc") and Mr. Grabinski since September 2004. Attached as Exhibit 1 is a true and correct copy of a report stating the total amount due and owed. Mr. Grabinski's administrative assistant referred me to Edward Cup ("Mr. Cup"), the chief financial officer of Stembanc. I have prepared a report that records the contacts made and Mr. Cup's statements. Attached as Exhibit 2 is a true and correct copy of this report.

3. On February 14, 2005, Mr. Cup stated that Mr. Grabinski wished to discuss the possibility of a payment plan or acceptable substitutes for payment. In response, I warned Mr. Cup that Quinn Emanuel cannot continue representing clients where it has not been paid at all. Furthermore, I informed Mr. Cup that Mr. Grabinski

-1-

should contact Quinn Emanuel immediately to resolve this issue or else Quinn Emanuel would be forced to withdraw as counsel for Stembanc and Mr. Grabinski.

4.   Despite Quinn Emanuel's repeated demands for payment and Mr. Cup's assurance that a portion of the past due balance would be paid, nothing has been received to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of March 2005, at Los Angeles, California.

*Kimberly L. Busch*
Kimberly L. Busch