IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., PATENT LITIGATION | ) ) ) ) ) Civil Action No. 05-md-01660-GMS ) ) |

## MOTION OF DOCTOR DEFENDANTS TO
## VACATE PRETRIAL SCHEDULING ORDER

### A.   INTRODUCTION.

In March 2005, pursuant to 28 U.S.C. Section 1407, numerous patent infringement actions were transferred to this Court for coordination and consolidation of pretrial activities, including *PharmaStem Therapeutics, Inc. v. CureSource, Inc., et al.*, filed on August 4, 2004, in the United States District Court for the Central District of California as Civil Action No. SA-CV-04-921 GLT, and assigned to the Honorable Gary L. Taylor (the "Central District Action").

The Central District Action is subject to a pre-consolidation Pretrial Scheduling Order, which severely undermines the stated goals of coordination and consolidation and which, if not vacated by this Court, will result in a wasting of the resources of the parties, their counsel, and the judiciary.

### B.   RELIEF REQUESTED.

Defendants and counterclaimants Monica Aszterbaum, Andrew Cassidenti, Eunice U. Lee, Carla Wells, Anita York, Bruce A. Hagadorn, Rajasree T. Seshadri, and Arthur Goldstein (collectively, the "Doctor Defendants") request that this Court issue an Order vacating all schedules and deadlines in Central District Action, including, but not limited to, those schedules and deadlines provided in the Pretrial Scheduling Order.

C.   STATEMENT OF RELEVANT FACTS.

In February 2002, PharmaStem filed a lawsuit in the District of Delaware against numerous cord blood bank companies alleging infringement of U.S. Patent No. 5,004,681 (the "'681 Patent") and U.S. Patent No. 5,192,553 (the "'553 Patent"), *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al*, C.A. No. 02-148-GMS, and assigned to the Honorable Gregory M. Sleet (the "Delaware Action").

In July and August 2004, PharmaStem initiated five separate lawsuits against over twenty (20) defendants in five district courts: (a) the Central District Action; (b) *PharmaStem Therapeutics, Inc. v. CBR Systemts, Inc., et al.,* filed on July 28, 2004 in the United States District Court for the Northern District of California as Civil Action No. C04-3072 JSW, and assigned to the Honorable Jeffrey S. White (the "Northern District Action"); (c) *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.,* filed on July 28, 2004, in the United States District Court for the District of Massachusetts Civil Action No. 04-CV-11673 RWZ (the "Massachusetts Action"); (d) *PharmaStem Therapeutics, Inc. v. Cyro-Cell International, Inc., et al.,* filed on July 28, 2004, in the United States District Court for the Middle District of Florida Civil Action No. 8:04-CV-1740-T-30TGW, and assigned to the Honorable James S. Moody, Jr. (the "Florida Action"); and (e) *PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.,* filed on July 28, 2004, in the United States District Court for the Eastern District of Pennsylvania Civil Action No. 2:04-CV-03561-RK (the "Pennsylvania Action").

In these five later-filed lawsuits, PharmaStem asserted U.S. Patent Nos. 6,569,427 ("the "'427 Patent) and 6,461,645 (the "'645 Patent") against physicians, medical groups, health care facilities and/or private umbilical cord blood banks. In the Central District Action, PharmaStem asserted the '427 Patent against twelve (12) physicians, including the Doctor Defendants, and further asserted the '645 Patent and the '681 Patent against a cord blood bank company, Curesource, Inc. The '427 Patent and the '645 Patent derive

from and are continuation and/or continuation-in-part patents to the '681 Patent and the '553 Patent.

In late October 2004, defendants in the above actions moved the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. §1407 to Transfer for Consolidation and Coordination of Pretrial Proceedings in a Single Forum (the "MDL Motion") to the District Court of Delaware.

During the pendency of the MDL Motion, on December 13, 2005, the United States District Court in and for the Central District of California (the "Central District Court") issued a Pretrial Scheduling Order providing, *inter alia*, that:

- all discovery in the Central District Action must be completed on or before June 9, 2005;
- all depositions in the Central District Action must be scheduled to start on or before June 3, 2005;
- all interrogatories, requests for admission, and requests for production in the Central District Action must be served on or before April 25, 2005;
- all motions for summary judgment or summary adjudication in the Central District Action must be noticed for hearing on or before August 10, 2005;
- the final pre-trial conference in the Central District Action shall occur on September 9, 2005; and
- the trial of the Central District Action shall occur in October 2005.

On February 16, 2005, the JPML issued an Order, pursuant to 28 U.S.C. § 1407, transferring the later-filed actions to Delaware District Court "for coordinated or consolidated pretrial proceedings." Accordingly, on March 15, 2005, the Clerk of the Delaware District Court, in conformity with 28 U.S.C. § 1407(c)(ii), transmitted certified copies of the Transfer Order to the Clerk of the Central District Court.

On March 18, 2005, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury Winthrop"), attorneys for the Doctor Defendants, sent a letter to Perkins Coie LLP

585776v1

("Perkins Coie"), attorneys for PharmaStem, apprising them of the Delaware District Court's letter of March 15, 2005, and requesting that: (a) all outstanding discovery in the Central District Action be stayed pending further direction from the Delaware District Court; and (b) the parties take steps to vacate all schedules and deadlines in the Central District Action as set forth in the Pretrial Scheduling Order.

On March 24, 2005, the attorneys for PharmaStem responded, and stated that: (a) PharmaStem would agree to stay all discovery in the Central District Action pending further direction from the Delaware District Court; and (b) PharmaStem was rejecting the Defendant Doctors invitation to jointly write the Central District Court to confirm that all existing case management dates have been or will be vacated, on the ground that such dates were still active until modified by the transferee court, *i.e.*, the Delaware District Court.

As detailed below, there is good cause for this Court to issue an Order vacating all schedules and deadlines in the Central District Action, and there is no prejudice to PharmaStem that would result from the requested action.

D.   ARGUMENT.

A pretrial scheduling order may be modified "upon a showing of good cause and by leave of the district judge." Rule 16(b) of the Fed. Rule Civ. Proc. In the present case, there is an abundance of "good cause" supporting the Doctor Defendants' request that this Court vacate the schedules and deadlines in the Central District Action, including those provided in the Pretrial Scheduling Order.

The very purpose of the Transfer Order was to allow for the coordination and consolidation of discovery in the above-described actions. As provided in the Transfer Order:

> Centralization under section 1407 is necessary in order to eliminate duplicative discovery . . . and conserve the resources of the parties, their counsel, and the judiciary.

. . .

585776v1

> While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions.

Transfer Order, p. 2.

Absent an order vacating the schedules and deadlines in the Central District Action, the purpose of the JPML's Transfer Order will be thwarted. For example, the June 9, 2005 discovery cut-off set forth in the Pre-Trial Scheduling Order provides the Doctors Defendants and PharmaStem with inadequate time to coordinate discovery relevant to the Central District Action with other, duplicative discovery that will no doubt occur in the remaining consolidated actions. Likewise, the Pretrial Scheduling Order fails to account for any form of pretrial claim construction hearing (i.e., a *Markman* hearing), and it is unlikely that any such hearing could occur in this Court prior to the deadline for filing motions for summary judgment or summary adjudication under the Pretrial Scheduling Order.

Accordingly, this Court should vacate the schedules and deadlines in the Central District Action to allow the parties thereto to obtain the benefits of coordination and consolidation. "Judges should encourage techniques that coordinate discovery and avoid duplication." Manual on Complex Litigation, 4th Edition, Section 20.14. As provided in the Manual on Complex Litigation, allowing for "cross-filing deposition notices, interrogatories, and requests for production in related cases will make the product of discovery usable in all cases and avoid duplicative activity . . ." and "[d]ocumnent production should be coordinated and joint depositories established." Manual on Complex Litigation, 4th Edition, Section 20.14; *see also In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo., On Nov. 15, 1987*, 720 F. Supp. 1433, 1436 ("[i]n a consolidated multidistrict case, the goal of efficiency takes on special importance . . .")

585776v1

Moreover, there will not be any prejudice or injury to PharmaStem as a result of the proposed vacation of the schedules and deadlines in the Central District Action. Discovery has barely commenced in the Central District Action, and, regardless, the parties have agreed to stay such discovery pending further direction from this Court. Clearly, there is no prejudice to PharmaStem that would result from the proposed vacation of the schedules and deadlines in the Central District Action.

E.  **CONCLUSION**

Accordingly, the Doctor Defendants move this Court for an Order vacating all schedules and deadlines in the Central District Action, including, but not limited to, those schedules and deadlines provided in the Pretrial Scheduling Order.

April 26, 2005                                    THE BAYARD FIRM

                                                              /s/ Richard D. Kirk
                                                              Richard D. Kirk (#922)
                                                              222 Delaware Avenue
                                                              Suite 900
                                                              P.O. Box 25130
                                                              Wilmington, DE 19899
                                                              (302) 429-4208
                                                              rkirk@bayardfirm.com
                                                              Attorneys for defendants / counterclaimants
                                                              Monica Aszterbaum, Andrew Cassidenti,
                                                              Eunice U. Lee, Carla Wells, Anita York,
                                                              Bruce A. Hagadorn, Rajasree T. Seshadri,
                                                              and Arthur Goldstein

OF COUNSEL:
William F. Abrams
Thomas F. Chaffin
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94303-1115
(650) 233-4554

585776v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 26, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE 19801

Dawn N. Zubrick, Esq.
Dilworth Paxson LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801

Jeffrey L. Moyer, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document were sent by first class mail to the following non-registered participants:

Paul J. André, Esq.
Perkins Coie LLP
101 Jefferson Dr.
Menlo Park, CA 94025

Paul F. Ware, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109-2881

James Rodgers, Esq.
Dilworth Paxson, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Samuel Brooks Shepard, Esq.
Quinn Emanual Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive
Suite 560
Redwood Shores, CA 94065

/s/ Richard D. Kirk (rk0922)

585734v1