IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PHARMASTEM THERAPEUTICS, INC., ) | |
| PATENT LITIGATION ) | Civil Action No. 05-153 GMS |
| ) | MDL Docket No. 05-md-1660 GMS |
| ) | |
| ) | |

**<u>ORDER</u>**

WHEREAS, on April 19, 2005, Quinn, Emanuel, Urquhart, Oliver & Hedges ("Quinn Emanuel") filed a Motion to Withdraw (D.I. 12) as counsel for Stembanc, Inc. ("Stembanc") and Archibald A. Grabinski ("Grabinski");

WHEREAS, the motion asserts that good cause exists to grant the request, namely Stembanc and Grabinski have failed to pay Quinn Emanuel $335,448.23 in accrued legal fees;

WHEREAS, the motion further asserts that Stembanc and Grabinski will suffer no prejudice, given that the litigation is at the preliminary discovery stage and the parties have not yet filed a scheduling Order[1];

WHEREAS, Stembanc and Grabinski have not opposed the motion;

---

[1] This case, as well as all related patent infringement cases filed by PharmaStem Therapeutics, Inc., has been transferred to this court and consolidated for pre-trial purposes by the Judicial Panel of Multidistrict Litigation. This case was originally filed in the Northern District of California.

WHEREAS, pursuant to Rule 3-700(C)(f) of the California Rules of Professional Conduct, it is permissible for an attorney to withdraw from representing a client if the client "breaches an agreement or obligation . . . as to expenses or fees"[2];

WHEREAS, the court has discretion deny an attorney's request to withdraw where withdrawal would result in prejudice or cause undue delay in the proceeding; and

WHEREAS, after having considered Quinn Emanuel's submissions (D.I. 6, 7, 8, 12), the court concludes that good cause exists to grant Quinn Emanuel's request, Stembanc and Grabinski will not suffer prejudice if the court grants the motion, and granting the motion will not cause undue delay in the proceeding;

IT IS HEREBY ORDERED that:

1.  Quinn Emanuel's Motion to Withdraw (D.I. 12) is GRANTED.


Dated: May 19, 2005              /s/ Gregory M. Sleet
                                 UNITED STATES DISTRICT JUDGE

---

[2] The substantive law of the transferor forum controls after consolidation for pre-trial proceedings. *See In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972). Thus, California law applies to Quinn Emanuel's motion.