IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) ) ) | |
| PHARMASTEM THERAPEUTICS, INC. PATENT LITIGATION | ) ) ) ) ) | MDL Docket No. 05-md-1660 GMS<br>JUDGE GREGORY M. SLEET |

**PRACTICE AND PROCEDURE ORDER**

The Judicial Panel on Multidistrict Litigation, by Order dated February 17, 2005, having transferred to this Court the cases listed on Schedule A attached hereto, and it being appropriate that a case management conference be conducted, that procedures and requirements for that conference be established, and that general rules governing the conduct of this matter be set, IT IS HEREBY ORDERED THAT:

1.  This Order, issued pursuant to 28 U.S.C. § 1407(a), shall govern the practice and procedure in: (a) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of February 17, 2005; and (b) all related cases originally filed in this Court or transferred or removed to this Court.  These cases are listed in Schedule A, attached, and are coordinated for pretrial purposes.

2.  This Order will govern the practice and procedure in: (a) any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (b) any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

3.  This case has been placed on the Court's Electronic Filing System.

4.  All documents, except those documents specifically exempted in subsection (G) of the Administrative Procedures Governing Filing and Service by Electronic Means, will be filed

either electronically using CM/ECF or on a properly labeled 3.5" floppy or compact disk in PDF so that the document can be added to the electronic case file. A courtesy paper copy of an electronically filed document will be delivered to the Clerk's Office by the next business day. All papers filed in these actions will bear the identification **"MDL Docket No. 5-md-1660 GMS**," and when the paper relates to all these actions, the MDL docket number will be followed only by the notation "ALL CASES." If the paper does not relate to all of these actions, then the individual docket numbers assigned by the Clerk of this Court (as listed in Schedule A) of those actions to which the paper relates shall also be listed. If the paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

5. Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto will <u>not</u> be filed with the Court, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

6. Any paper filed in any of these actions will be filed with the Clerk of this Court and not with the transferor district court.

7. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

8. Prior to the first pretrial conference, service of all papers will be made on each of the attorneys on the Panel Attorney Service List attached as Schedule B. Any attorney who wishes to have his or her name added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk of this Court, with notice to all other persons on the Service List. Service will be deemed sufficient if made upon all attorneys on the Panel Attorney Service List. **The**

**parties will present to the Court at the first pretrial conference a list of attorneys for purposes of service. Only one attorney for each party separately represented will be included on such list.** Counsel **must** be able to receive notice from the Court via e-mail.

      9. Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned will designate proposed liaison counsel. Liaison counsel will be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and will be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group. In accordance with Rule 5.2(e) of the Rules of the Judicial Panel on Multidistrict Litigation, liaison counsel are authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation on behalf of all parties within their liaison group, and will be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group.

      10. Upon remand of any of these actions the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed;

      11. No parties to any of these actions will be required to obtain local counsel in this District, and the requirements of Local Rule 83.5 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

      12. Hearings will not be held on any motions, except by order of the Court.

      13. Any paper filed in any of these actions that is substantially identical to any paper filed in another of these actions will be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file

substantially identical papers, they will join in the submission of those papers and will file only one paper on behalf of all so joined.

14. Any orders, including protective orders, previously entered by any transferor district will remain in full force and effect, unless expressly vacated by subsequent order of this Court.

15. All discovery proceedings in these actions are stayed until further order of this Court. The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference, at which time a discovery schedule will be established.  This Order does not (a) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (b) prevent a party from voluntarily making disclosure or responding to an outstanding discovery request; or (c) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rules 33, 34, or 36 of the Federal Rules of Civil Procedure.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

16. Each party will preserve all documents and other records containing information potentially relevant to the subject matter of this litigation.  Each party will also preserve any physical evidence.  Requests for relief from this directive will receive prompt attention from the Court.

17. The Court will be guided by the Manual for Complex Litigation - Fourth, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

18. **An initial pretrial conference will be held on <u>October 6, 2005, at 10:00 a.m.</u>**  The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c) and 26(f),

and subject to the sanctions prescribed in Rule 16(f). Lead counsel for all parties must attend. The subjects for consideration at the conference include those matters set forth in Fed. R. Civ. P. 16(b) and (c)

19. Lead counsel will confer before the initial pretrial conference to develop a proposed case management plan and to create an agenda for the conference. **Counsel will submit this agenda to the Court on or before September 29, 2005.** Among other things, counsel should discuss (and include on the agenda) the following:

   a. the feasibility of consolidating all or groups of actions or designating for consolidated treatment issues applicable to all or groups of actions;

   b. the propriety of dismissing duplicative actions and/or realigning the parties, and plans for prompt determination of class action issues;

   c. whether this case may become suitable for reference to an Alternative Dispute Resolution (ADR) program;

   d. appropriate deadlines for amendment of pleadings, expert and non-expert discovery, dispositive motions, and expert reports;

   e. the scope of discovery, and procedures for handling discovery disputes, such as the appointment of a special master to supervise discovery;

   f. whether, during discovery, the parties will exchange documents in digital format; whether there are any issues as to the format to be used; and whether there are any issues as to the alteration of documents that may routinely occur when paper documents are converted to digital format; and

       g.  procedures to deal with preservation and production of evidence, including evidence in electronic or digital format; procedures to deal with inadvertent production of privileged information; the media; format and procedures for producing digital information; use of document depositories and computerized storage of documents; and procedures or protective orders for the handling of claims of confidentiality and privilege.

    20.  No later than **September 29, 2005**, plaintiffs, collectively, and defendants, collectively, will each submit a brief, no more than fifteen (15) pages in length, setting out, to the extent practicable, (a) the legal and factual background of this case; (b) the procedural status of the transferred cases and potential tag-along cases; (c) those issues the parties currently view as critical; (d) the identity of any other related actions pending in state or federal courts; (e) plans for the prompt determination of class action questions, including a schedule for discovery and briefing on class issues; and (f) any other relevant information the parties consider to be helpful to the Court in establishing a case management Order for this litigation.  These briefs will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

          /s/ Gregory M. Sleet
          United States District Judge
          District of Delaware