IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PHARMASTEM THERAPEUTICS, INC., ) | MDL Docket No. 05-md-1660-GMS |
| PATENT LITIGATION ) | |
| ) | |
| ) | |
| ) | |

**JOINT PROPOSED CASE MANAGEMENT PLAN AND AGENDA FOR INITIAL
PRETRIAL CONFERENCE**

Pursuant to the Court's instructions in Sections 18 and 19 of the Practice and Procedure Order dated July 19, 2005, and Rule 16 of the Federal Rules of Civil Procedure, PharmaStem Therapeutics, Inc. ("PharmaStem") and named defendants in the above-referenced multidistrict litigation ("MDL") have consulted and agreed upon the following provisions and schedules regarding this case, and hereby jointly submit their Proposed Case Management Plan and Agenda for the Initial Pretrial Conference, which is scheduled to take place on October 6, 2005.

A. **Feasibility of consolidating all or groups of actions or designating for consolidated treatment issues applicable to all or groups of actions;**

This MDL arises from the consolidation of six separate actions in five different states. Five of the actions[1] were brought by PharmaStem and involve infringement claims on the

---

[1] Case No. 1:04-cv-11673-RWZ (D. Mass); Case No. 8:04-cv-00921-GLT-AN (C.D. Cal.); Case No. 3:04-cv-03072-JSW (N.D. Cal.); 8:04-cv-01740-JSM-TGW (M.D. Fl.); 2:04-cv-03561-RK (E.D. Penn.).

same two patents (U.S. Patents 6,461,645 and 6,569,427) against various medical providers and blood banks. The sixth action[2], brought by three of the defendants in PharmaStem's patent infringement actions, ViaCell, CorCell and Cryo-Cell, involves antitrust and state law tort claims relating to PharmaStem's attempts to enforce the '645 Patent and '427 Patent. There is no further consolidation of issues applicable to these groups of actions at this time.

**B.    The proprietary of dismissing duplicative actions and/or realigning the parties;**

There are no plans to dismiss any of the actions or realign any of the parties at this time.

**C.    Whether this case may become suitable for reference to an Alternative Dispute Resolution (ADR) program;**

PharmaStem and defendant private cord blood banks, ViaCell, CorCell, Cryo-Cell and CBR are open to considering ADR. The cases against the hospitals and individual health care providers may also be suitable for reference to an ADR program.

**D.    Appropriate deadlines for amendment of pleadings, expert and non-expert discovery, dispositive motions, and expert reports;**

The parties have met and conferred but were not able to agree on a proposed schedule. The parties' respective proposals are set forth below.

PharmaStem's proposal:

1. Joinder of other Parties and Amendment to Pleadings: All motions to join other parties and amend the pleadings shall be filed on or before March 24, 2006.

2. Claim Construction Briefing, if necessary: No later than 30 days after the Court of Appeals for Federal Circuit ("Federal Circuit") renders its decision ("CAFC

---

[2] Case No. 1:04-cv-01335-GMS (D.Del).

decision") in Case No. 05-1490 and cross-appeals Case No. 05-1551, the parties shall submit a final joint claim chart will shall include citations to intrinsic evidence. The parties shall subsequently exchange opening claim construction briefs and answering claim construction briefs on dates to be determined once the Federal Circuit renders its CAFC decision.

3. <u>Fact Discovery</u>: Written discovery in this case shall be initiated the day after the Initial Pretrial Conference. Fact depositions will not commence until the day after oral argument before the Federal Circuit in Case No. 05-1490 and cross-appeals Case No. 05-1551 ("Oral Argument"). All fact discovery will be completed no later than 90 days from the date of Oral Argument.

4. <u>Disclosure of Expert Testimony</u>: The parties shall file their initial Federal Rule 26(a)(2) disclosure of expert testimony no later than 20 days from the date the Federal Circuit renders its CAFC decision, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party no later than 35 days from the date the Federal Circuit renders its CAFC decision.

5. <u>Expert Discovery</u>: Expert discovery in this case shall be initiated the day after Oral Argument so that it will be completed 60 days from the date when the Federal Circuit renders its CAFC decision.

6. <u>Dispositive Motions</u>: All case dispositive motions and an opening brief or memorandum of points and authorities and affidavits, if any, in support of the motion may be served and filed within 70 days from the date the Federal Circuit renders its CAFC decision.

7. <u>Pretrial submissions and Conference</u>: TBD.

8. <u>Trial</u>: TBD.

Defendants' proposal:

As outlined in their brief, defendants believe the most efficient and reasonable approach regarding the cases now before the Court would be to stay all discovery pending the decisions by the Federal Circuit and the U.S. Patent and Trademark Office ("PTO"). Defendants' stance is based on the indisputable fact that the Federal Circuit's and/or the PTO's decision is likely to substantially change, or even to eliminate, any potential liability for defendants. The Federal Circuit decision, in particular, will set the ground rules for how this litigation should proceed, if at all. Defendants have already defended one case through trial, at enormous expense to these relatively modest companies. To begin discovery only to have the issues and claims change midway would be a waste of resources. In addition, without liability of the cord blood banks, the physicians and healthcare providers cannot be liable. Therefore, it is also unfair and inefficient to burden the physicians and healthcare providers now with the potentially unnecessary cost and effort of discovery, especially where the cord blood banks have successfully defended against PharmaStem's previous infringement claims.

As a result, defendants propose that all discovery in the cases now before the Court be stayed pending a decision by the Federal Circuit and the PTO. Once those decisions have been rendered, an appropriate discovery schedule can then be established based on the remaining claims.

**E.    The scope of discovery, and procedures for handling discovery disputes;**

The parties have met and conferred but were not able to agree on a proposed scope and procedures. The parties' respective proposals are set forth below.

PharmaStem's proposal:

1. <u>Limited scope of discovery between PharmaStem and defendant private cord blood banks ViaCell, CBR, CorCell and Cryo-Cell</u>: PharmaStem proposes that these parties be permitted to take no more than four (4) depositions of each opposing party. The parties may also take a deposition of any expert witness who submits an expert report during the period provided in this case management plan, regardless of whether that party has previously taken four (4) depositions in this action.

PharmaStem also proposes that PharmaStem be permitted to propound no more than ten (10) interrogatories on each of the defendants. Each of these defendants are permitted to serve the same on PharmaStem.

2. <u>Discovery between PharmaStem and the remaining defendant blood banks and medical providers</u>: PharmaStem proposes that these parties will be bound by the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware.

Defendants' Proposal:

As discussed above, because the pending decisions by the Federal Circuit and the PTO are likely to drastically alter the claims at issue in the consolidated cases, the scope of discovery will also be significantly affected by those decisions. As a result, defendants propose staying all discovery pending the decisions by the Federal Circuit and the PTO.

F.  **Whether, during discovery, the parties will exchange documents in digital format; whether there are any issues as to the format to be used; and whether there are any issues as to the alteration of documents that may routinely occur when paper documents are converted to digital format; and**

There are no issues between the parties relating to exchange of documents in digital format and the change in format that may result if such an exchange occurs.

G.  **Procedures to deal with preservation and production of evidence, including evidence in electronic or digital format; procedures to deal with inadvertent production of privileged information; the media; the format and procedures for producing digital information; uses of document depositories and computerized storage of documents; and procedures or protective orders for handling claims of confidentiality and privilege.**

The parties agree and will formally stipulate to be bound by the protective order from Case No. 02-148-GMS (D.Del.).

| POTTER ANDERSON & CORROON LLP | RICHARDS LAYTON & FINGER |
|---|---|
| /s/ Philip A. Rovner | /s/ Alyssa M. Schwartz |
| By: _____ | By: _____ |
| Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>E-mail: provner@potteranderson.com | Jeffrey L. Moyer (#3309)<br>Alyssa M. Schwartz (#4351)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>E-mail: moyer@rlf.com<br>schwartz@rlf.com |
| Attorneys for PharmaStem Therapeutics, Inc. | Attorneys for all defendants |

Dated: September 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I do hereby certify that, on September 29, 2005, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| BY HAND DELIVERY | BY FEDERAL EXPRESS |
|---|---|
| Jeffrey L. Moyer, Esq.<br>Alyssa M. Schwartz, Esq.<br>Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, DE 19899 | William F. Abrams, Esq.<br>Chang H. Kim, Esq.<br>Thomas F. Chaffin, Esq.<br>Pillsbury Winthrop LLP<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114 |
| Peter C. Hughes, Esq.<br>Dilworth Paxson LLP<br>First Federal Plaza, Suite 500<br>Wilmington, DE 19899 | James J. Rodgers, Esq.<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia, PA 19103 |
| Richard D. Kirk, Esq.<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | Paul F. Ware, Jr., P.C.<br>Goodwin Procter, LLP<br>Exchange Place<br>Boston, MA 02109-2881 |
| | Michael J. Beck, Esq.<br>Clerk, MDL Judicial Panel<br>One Columbus Circle, NE<br>Room G-255, Federal Judiciary Bldg.<br>Washington, DC 20002-8004 |

/s/ Philip A. Rovner
_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail: provner@potteranderson.com